IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS INDIANA

Lanessa Hubbard,              )
                              )
    Plaintiff,             )
                              )
    v.                     )   No.  1:18-cv-3515
                              )
Radius Global Solutions, LLC, a )
Minnesota limited liability company, )
                              )
    Defendant.             )   <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Lanessa Hubbard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Lanessa Hubbard ("Hubbard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Citibank.

4. Defendant, Radius Global Solutions, LLC ("Radius"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, Radius was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Ms. Hubbard.

5. Defendant Radius is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant Radius conducts business in Indiana.

6. Defendant Radius is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant Radius acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. In July, 2018, Defendant Radius sent Ms. Hubbard an initial collection letter demanding payment of debt she allegedly owed to Citibank.

8. As is her right under the FDCPA, Ms. Hubbard responded to Radius's collection attempt on September 12, 2018, with a letter from her attorney which told Radius that she disputed the debt and refused to pay it.  A copy of this letter is attached as Exhibit C.

9. Undeterred, Defendant Radius sent two collection letters, dated September 22, 2018 and October 22, 2018, directly to Ms. Hubbard, demanding payment of the Citibank debt.  Copies these letters are attached as Group Exhibit D.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's

collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11.     Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

12.     All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16.     Here, the letter to Defendant from Plaintiff's attorney told it to cease communications and cease collections.  By directly communicating with Plaintiff

regarding this debt and demanding payment (Group Exhibit <u>D</u>), Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew that Plaintiff was represented by counsel in connection with her debts because her attorneys had given notice, in writing, to Defendant that Plaintiff was represented by counsel, and had directed a cessation of communications with her.  By directly sending her collection letters, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Lanessa Hubbard, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Hubbard, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lanessa Hubbard, demand trial by jury.

                                        Lanessa Hubbard,

                                        By:/s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated: November 12, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com